UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FIDELITY NATIONAL TITLE INSURANCE COMPANY,<br><br>*Plaintiff*,<br><br>v.<br><br>DEBORAH TURNER,<br><br>*Defendant*. | Miscellaneous Action No. 24-05 (LLA) |

**ORDER**

Upon consideration of Fidelity National Title Insurance Company's ("Fidelity") Motion to Compel, ECF No. 1, it is hereby **ORDERED** that motion shall be **TRANSFERRED** to the United States District Court for the District of Colorado.

The underlying action, *NorthMarq Finance, LLC v. Fidelity National Title Insurance Company*, No. 22-CV-02839 (filed Oct. 28, 2022), is pending in the United States District Court for the District of Colorado. In that action, Fidelity served nonparty Deborah Turner with a subpoena to appear for a deposition in Washington, D.C. When Ms. Turner refused to comply, Fidelity moved to compel in this court. ECF No. 1. After weighing the relevant factors, the court sua sponte transfers this motion to the United States District Court for the District of Colorado.

Under Federal Rule of Civil Procedure 45, a subpoena to submit to a deposition "must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). Motions related to the subpoena are properly brought in "[t]he court for the district where compliance is required," *id.* 45(d)(1), *see id.* 45(d)(2)(B)(i), *id.* 45(d)(3)(A), *id.* 45(d)(B), but that court may transfer such motions "to the issuing court . . . if the court finds exceptional circumstances," *id.* 45(f).

"[E]xceptional circumstances" include the "complexity [of the underlying matter], [its] procedural posture, [the] duration of pendency [of the underlying case], and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation," *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d 372, 376 (D.D.C. 2017) (quoting *In re UBS Fin. Servs., Inc. of Puerto Rico Sec. Litig.*, 113 F. Supp. 3d 286, 288 (D.D.C. 2015)), as well as "the interests of judicial economy and avoiding inconsistent results," *Wurlz v. Bank of China, Ltd.*, 304 F.R.D. 38, 46 (D.D.C. 2014) (quoting *FTC v. A+ Fin. Ctr., LLC*, 13-MC-50, 2013 WL 6388539, at *3 (S.D. Ohio Dec. 6, 2013)).

The court finds that exceptional circumstances warrant transferring this subpoena-related motion to the United States District Court for the District of Colorado. Specifically, the United States District Court for the District of Colorado has already been extensively involved in issues related to Ms. Turner's potential deposition, including striking Fidelity's motion to permit Ms. Turner's deposition after the close of fact discovery, ECF No. 1, Ex. G, and ruling on attorney-client privilege claims that pertain to Ms. Turner and her firm, *see* D. Colo. Dkt. 22-CV-02839, ECF No. 122 (denying motion to compel and granting motion to quash). Given its disposition of closely related issues, the United States District Court for the District of Colorado is considerably better suited to dispose of Fidelity's pending motion, and a transfer would promote judicial economy and avoid potentially inconsistent results.

This Order constitutes a final judgment of the court within the meaning of Rule 58(a) of the Federal Rules of Civil Procedure. The Clerk of Court is directed to terminate the case.

**SO ORDERED**.

/s/ Loren L. AliKhan
LOREN L. ALIKHAN
United States District Judge

Date: February 5, 2024